# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION FILE NO. 4:16-CR-2301-HLM-WEJ |
| DONALD WILSON BARNETTE, JR. | |

## ORDER

This case is before the Court on Defendant's Motion to Suppress [10], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [34], and on Defendant's Objections to the Non-Final Report and Recommendation [36].

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

### A. Statement of Facts

The Court's review of the record in this case reveals that Judge Johnson correctly set forth the facts in this action. The Court therefore adopts the Statement of Facts portion of the Non-Final Report and Recommendation, and incorporates that portion of the Non-Final Report and

AO 72A
(Rev.8/82)

Recommendation into this Order as if set forth fully herein. (Non-Final Report & Recommendation (Docket Entry No. 34) at 2-9.)[1]

---

[1] In reaching this conclusion, the Court overrules Defendant's Objection that Judge Johnson improperly relied on Detective Sorrells' testimony or improperly drew inferences from Defendant Sorrells' testimony. (Objs. at 2.) The Court further overrules Defendant's Objection based on the Government's decision not to call Deputy Andrews as a witness. (Id.) Specifically, the Court rejects Defendant's contention that the officers manufactured probable cause and that the totality of the circumstances does not support Judge Johnson's finding that the officers' belief that there was a tag violation was not an honest mistake. (Id. at 4-5.) Further, the Court rejects Defendant's argument challenging Judge Johnson's decision to credit Detective Sorrells' testimony that the officers could determine from GCIC via a laptop computer that the tag was not assigned to the vehicle. (Id. at 6-7.) Finally, the Court rejects Defendant's contention that, prior to continuing the stop of Defendant, when the officers approached the vehicle, probable cause had dissipated. (Id at 7.)

The Court also observes that it cannot reject Judge Johnson's credibility determinations without first rehearing all of the disputed testimony. United States v. Powell, 628 F.3d 1254, 1257 (11th Cir. 2010); United States v. Clarke, 1:05-cr-371-WSD, 2016 WL 749226, at *7 (N.D. Ga. Feb. 23, 2016) ("Credibility determinations are best made by the fact finder, who has observed the testimony and the witnesses firsthand. Accordingly, a district court may not

4

## B. Procedural Background

On October 11, 2016, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant. (Indictment (Docket Entry No. 1).) The Indictment alleges that, on or about January 2, 2016, in the Northern District of Georgia, Defendant, having been convicted of a felony offense, did knowingly possess in and affecting interstate and foreign commerce, an EIG/Tangfolio .22 caliber handgun, in violation of 18 U.S.C. § 922(g)(1).

---

reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness." (citations omitted)); Williams v. Giles, No. 2:10-CV-01069-RDP, 2013 WL 1346555, at *1 n.1 (N.D. Ala. Mar. 28, 2013) ("When rejecting a Magistrate Judge's credibility determinations, a district court must rehear the disputed testimony."). Here, the transcript of the evidentiary hearing provides no basis to reject Judge Johnson's credibility determinations.

5

(Id. at 1-2.) The indictment also contains a forfeiture provision. (Id. at 2-3.)

On December 6, 2016, Defendant filed his Motion to Suppress. (Mot. Suppress (Docket Entry No. 10).) Judge Johnson held an evidentiary hearing on Defendant's Motion to Suppress on January 26, 2017. (Minute Entry (Docket Entry No. 16).) On June 1, 2017, Judge Johnson issued his Non-Final Report and Recommendation. (Non-Final Report & Recommendation (Docket Entry No. 34).) Judge Johnson recommended that the Court deny Defendant's Motion to Suppress.

Defendant filed Objections to the Non-Final Report and Recommendation. (Objs. (Docket Entry No. 36).) The time period in which the Government could file a response to the

6

AO 72A
(Rev.8/82)

Objections has expired,[2] and the Court finds that the matter is ripe for resolution.

## III. Discussion

Judge Johnson correctly set forth the relevant law relating to the Fourth Amendment and probable cause in his Non-Final Report and Recommendation. (Non-Final Report & Recommendation at 13-15.) The Court agrees with Judge Johnson that the officers acted reasonably under the circumstances and had probable cause to stop Defendant. (Id. at 15.) As Judge Johnson noted:

> [T]he officers first noticed the Tahoe [driven by Defendant] because its window tint looked too dark. As the officers followed the Tahoe, they simultaneously called dispatch and entered the license plate information into the patrol car's

---

[2]The three-day extension for mailing no longer applies to documents served via electronic means. N.D. Ga. R. App'x H.

7

laptop and discovered that the license plate did not match the vehicle. This was sufficient to create a reasonable belief that at least one traffic violation (i.e., of O.C.G.A. § 40-2-28) had occurred, which established probable cause to pull [Defendant] over.

(Id. at 15-16.) The Court cannot find unreasonable Judge Johnson's decision to credit Detective Sorrell's testimony that the officers decided to pull over the vehicle based on those potential traffic violations. (Id. at 16.) Further, as Judge Johnson pointed out, "[t]hat the officers abandoned the potential window tint violation once they discovered the more serious issues (like the lack of insurance) does not render this belief unreasonable." (Id.) The Court overrules Defendant's Objections to those conclusions.

Judge Johnson also properly rejected Defendant's contention "that the officers could not have learned that the

8

license plate did not match the Tahoe during the short period of time between when [Defendant] drove past [the officers] and when [the officers] activated the blue lights." (Non-Final Report & Recommendation at 16-17.) Further, the Court agrees with Judge Johnson that "it was reasonable under the circumstances that Det. Sorrells may not have immediately recognized the plate as a dealer plate." (Id. at 17.) Moreover, the officers' decision to detain Defendant after they realized the plate was a dealer plate was not unreasonable, given that "[D]efendant did not have papers showing that he owned the car and could not produce insurance information," and given that, although "the officers did receive confirmation that the license plate was registered to Carl Black, when the officers ran the

9

Tahoe's VIN, the vehicle itself did not come back as registered to Carl Black and the insurance information came back as 'unknown.'" (Id. at 18.) As Judge Johnson noted:

> Based on the facts in front of them at the time they activated the blue lights, Det. Sorrells knew only that the license plate did not match the Tahoe. During the stop, the officers discovered the following: the license plate belonged to Carl Black and was not registered to the Tahoe; the Tahoe was registered to another individual; [Defendant] had no paperwork showing ownership or otherwise supporting his claim that he was currently making payments on the Tahoe; and multiple sources confirmed that the vehicle's insurance status was "unknown." These facts taken together were sufficient to create a reasonable belief that a traffic violation had occurred both when the lights were activated and later. This is particularly true when coupled with Det. Sorrell's undisputed testimony that he could not have relied on any third-party statements regarding proof of insurance.

10

(Id. at 18-19.) Under those circumstances, Judge Johnson properly found that probable cause supported the officers' decision to stop Defendant's vehicle. (Id. at 19.) The Court overrules Defendant's Objections to this portion of the Non-Final Report and Recommendation.

The officers' decision to tow the Tahoe and to conduct an inventory search of the Tahoe also was reasonable under the circumstances. Judge Johnson correctly set forth the relevant law governing inventory searches. (Non-Final Report & Recommendation at 20.) The Court agrees with Judge Johnson that the officers' decision to tow the Tahoe was reasonable, given that they determined that Georgia law would not permit the Tahoe to be driven, as they could not ascertain whether the Tahoe had insurance or whether

11

the license plate on the Tahoe matched the vehicle. (Id.) The Sheriff's Department's towing and inventory policy required that the officers inventory the Tahoe before it could be towed. (Id.) The officers found the pills and the firearm during that inventory search, and, having learned that Defendant was a convicted felon, they seized the items and placed Defendant under arrest. (Id. at 20-21.) The Court agrees with Judge Johnson that "there is no evidence showing that the officers' decision to tow the Tahoe was not made in good faith or that the search itself exceeded the scope of the Inventory Policy." (Id. at 21.) Moreover, the fact that Detective Andrews asked Defendant for permission to search the Tahoe soon after checking the VIN, which was unusual in the context of a traffic stop, does "not

12

demonstrate an improper purpose or to contradict Det. Sorrells's testimony that the officers searched the Tahoe pursuant to the Inventory Policy because it had to be towed to a public lot without security." (Id.) As Judge Johnson noted, those facts, standing alone, are "insufficient to upset the officers' reasonable actions in conducting a routine inventory of the vehicle pursuant to Paulding County Sheriff's Department policy once they determined it could not be driven lawfully." (Id. at 21-22.) Under those circumstances, the search of the Tahoe and the seizure of the pills and firearm were proper and reasonable under the circumstances.[3]

---

[3] Defendant does not appear to object to this portion of the Non-Final Report and Recommendation. (See generally Objs.) To the extent that Defendant objects to this portion of the Non-Final Report and Recommendation, the Court overrules the Objection.

13

In sum, Judge Johnson correctly recommended that the Court deny Defendant's Motion to Suppress. The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant's Objections, and denies the Motion to Suppress.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [34], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [36], and **DENIES** Defendant's Motion to Suppress [10].

IT IS SO ORDERED, this the 30 day of June, 2017.

SENIOR UNITED STATES DISTRICT JUDGE

14